**NOT FOR PUBLICATION**

FILED



JUN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YANPING LIU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-70872

Agency No. A087-856-819

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2018**
Pasadena, California

Before:  RAWLINSON, MELLOY,*** and HURWITZ, Circuit Judges.

Petitioner Yanping Liu, a native and citizen of China, seeks review of a

decision of the Board of Immigration Appeals (BIA) affirming the denial of her

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Where, as here, the BIA adopts and affirms the order of the immigration judge (IJ) pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and expresses no disagreement with the IJ's decision, we review the IJ's order as if it were that of the BIA. *See Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review for substantial evidence the agency's factual findings, including adverse credibility determinations. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010).

Liu challenges the agency's adverse credibility determination on the basis that the agency did not provide "meaningful notice of" and a "reasonable opportunity to explain" the significant similarities between the affidavit of another asylum applicant and her declaration. *See Matter of R-K-K*, 26 I. & N. Dec. 658, 661-62 (BIA 2015). However, Liu received notice of the similarities between the two affidavits during the hearing, and the IJ provided four months for Liu to investigate whether her declaration had been plagiarized or whether the issue arose from a formulaic translation (particularly as the same translator worked on both declarations), and provide an explanation in her closing brief. *See id.*

In addition, the IJ provided other "specific and cogent reasons" unrelated to the affidavit similarities to support the adverse credibility determination, including

2

that Liu did not obtain medical evidence of her previous IUD insertion, removal, and abortion upon arriving in the United States, but managed to obtain medical records from the hospital that administered the abortion in China.

The IJ also relied on Liu's evasive demeanor when faced with challenging questions, and the record supports this finding. For example, the IJ identified that Liu did not directly answer how she would have more children in the United States even though she knew her husband would remain in China. The IJ considered Liu's demeanor while explaining her nineteen-year delay in fleeing China. Demeanor findings are entitled to "special deference." *Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014).

Finally, the record supports the IJ's assessment of the "inherent implausibility" of Liu's account and the inconsistencies between her testimony and the documentary evidence. *Singh v. Lynch*, 802 F.3d 972, 976 (9th Cir. 2015). For example, the IJ permissibly rejected as implausible Liu's explanation that the Chinese private clinic refused to give her proof of the IUD removal because the procedure was illegal.

Liu fails to show that the record compels a contrary result to that reached by the BIA. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017). Absent her "discredited testimony," the agency properly concluded that Lin cannot meet her

burden to establish her eligibility for asylum. *Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011). Because the BIA denied asylum based on an adverse credibility determination, Liu necessarily fails to satisfy the more demanding standard for withholding of removal. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). Liu's CAT claim is predicated on the same evidence that the IJ found not credible, and there was no other evidence in the record to support her eligibility for CAT relief. *See id.* In any event, Liu conceded that she was unlikely to face future harm if returned to China.

**PETITION DENIED.**